**Loretta CARL and Melvin Carl**

v.

**POSITIVE SAFETY MANUFAC-
TURING CO.**

and

**L & J Press Corporation.**

Civ. A. No. 68-1944.

United States District Court,
E. D. Pennsylvania.

Oct. 2, 1970.

C. William Kraft, III, Philadelphia, Pa., for plaintiffs.

James J. McCabe, Jr., Philadelphia, Pa., for Positive Safety Manufacturing Co.

David L. Pennington, Philadelphia, Pa., for L & J Press Corporation.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Defendant L & J Press Corporation has moved to dismiss on the ground that the court lacks personal jurisdiction over it. From defendant's answer to plaintiff's interrogatories, the following facts appear:

Defendant, an Indiana corporation manufacturing punch presses, is not licensed to do business in Pennsylvania. However, for each of the last 20 years, defendant has shipped to Press & Shear Machinery Corporation at Philadelphia an average of 20 to 50 presses per year, resulting in sales of $50,000 to $125,000 [see defendant's answer to Interrogatory No. 20(f)]. As of July 17, 1969, the latest press sale was on May 14, 1969, and was shipped to J. H. Winn, Incorporated, Old Forge, Pennsylvania. Parts for the presses are sold to anyone in Pennsylvania who has purchased one of defendant's presses. The press involved in this action was sold and shipped to Joseph Hyman & Sons in Philadelphia on July 1, 1953.

On various occasions, Robert D. Mathias, Jr., defendant's president, and Earl R. Dew, vice president, came into Pennsylvania for the purpose of training

sessions with dealers and to call on specific customers to answer technical questions. Mathias' only visit was to Philadelphia in 1961, but on seven occasions from 1963 to 1967, Dew visited Press & Shear Machinery Corporation, 2600 East Tioga Street, Philadelphia, Pennsylvania; Voss Machinery Company, P. O. Box 10325, Pittsburgh, Pennsylvania; Fleck Industries, Incorporated, 2800 Turnpike Drive, Willow Grove, Pennsylvania; Emdur Metal Products Company, 400 Oregon Avenue, Philadelphia, Pennsylvania; Melrath Supply & Gasket Company, East Tioga Street, Philadelphia, Pennsylvania; Screw & Bolt Corporation of America, P. O. Box 1708, Pittsburgh, Pennsylvania. Mr. Dew accompanied salesmen from Press Shear & Machinery and Voss Machinery in Pennsylvania on four different occasions from 1963 to 1967, and solicited business.

Jurisdiction purports to be based on the Pennsylvania Act of May 5, 1933, P.L. 364, as last amended July 20, 1968, No. 216, 15 P.S. § 2011. The Act, as it existed before the 1968 amendment, required "the entry" of the corporation into the Commonwealth as a prerequisite to a finding of "doing business." In Swavely v. Vandegrift, 397 Pa. 281, 154 A.2d 779 (1959), the court held that the shipment of goods into Pennsylvania by a foreign corporation was not sufficient basis for jurisdiction and this holding was reluctantly followed in Cecere v. Ohringer Home Furniture Company, 208 Pa.Super. 138, 220 A.2d 350 (1966). In his opinion in *Cecere,* Judge Hoffman pointed out the unfairness of the rule by which he was bound and the reasons why shipments into the state should be considered as supporting jurisdiction. See 208 Pa.Super. pages 147 to 150, 220 A.2d 350.

It was in apparent response to the cogent reasoning of Judge Hoffman that in 1968 the legislature amended the statute to eliminate the requirement of "entry" and to add the sentence:

" * * * For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."

■ Defendant clearly falls within the ambit of this provision.

■ We are not impressed by defendant's argument that, if interpreted to cover this case, the Act is unconstitutional. In International Shoe Company v. State of Washington, 326 U.S. 310 at page 319, 66 S.Ct. 154 at page 160, 90 L.Ed. 95 (1945), the Court said:

" * * * Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contact, ties, or relations. * * *"

And in Hanson v. Denckla, 357 U.S. 235 at page 251, 78 S.Ct. 1228 at page 1238, 2 L.Ed.2d 1283 (1958), the Court said:

" * * * However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that State that are a prerequisite to its exercise of power over him. * * *"

We think that the considerations referred to by Judge Hoffman in *Cecere, supra,* arising from the shipment of goods into Pennsylvania more than supply the "minimal contacts" required to support the constitutionality of the statute and the consequent exercise of jurisdiction over this defendant.

The motion to dismiss will be denied.

It is so ordered.